## BARBER *v.* HALLETT.

*(Circuit Court, D. Massachusetts.   April 14, 1879.)*

1. LETTERS PATENT—CUTTING ATTACHMENTS FOR SEWING-MACHINES—INFRINGEMENT.

The first, second, and eighth claims of reissued letters patent No. 7,860, for an improvement in cutting attachments for sewing-machines, the distinguishing feature of which is the cutting against the edge of the stock in a line parallel with the line of feed, are infringed by the defendant's machine.

In Equity.

*Wright & Brown*, for complainant.

*Chas. H. Drew*, for defendant.

LOWELL, C. J.   The complainant is the patentee in reissue No. 7,860, for an improvement in cutting attachments for sewing-machines.   The plaintiff, in his specification, declares his invention to consist of a reciprocating knife adapted to trim the edges of leather or other stock while it is being stitched, and in a line that is parallel with the stitching; that before this invention the knife had been reciprocated crosswise or against the side of the stock as the latter is supported on the machine, the knife rising and falling and cutting the stock during the downward movement.   The mechanism by which this cutting or trimming is performed is described with much fullness, and a machine such as the complainant makes and sells is exhibited.

The defendant has a patent of a later date than the plaintiff's original patent, and produces one of his machines; and the question is whether the cutting or trimming device made under the defendant's patent infringes the plaintiff's monopoly.

It is not contended that the reissue is void. The mechanism described agrees entirely with that in the first patent, and though the claims are more numerous, there is a claim in the original which seems to be broad enough for all the purposes of this case. The reissue brings out more fully what the complainant now insists upon as the distinguishing features of his invention,—that is, cutting against the edge of the stock in a line parallel with the line of feed,— and the question is whether he is right in this contention.

The defendant has produced several patents which antedate the plaintiff's, the earliest of which seems of a very broad and general character, and perhaps would have controlled both of the machines in this case if it had not expired. It may be, however, that the plaintiff has a patentable improvement on all that had gone before, and if so, and if the defendant uses substantially similar means to produce a like result, he infringes. I think the plaintiff has made out that his machine does differ in the way that he says it does from the earlier machines, which employ a reciprocating knife. They appear to be organized to cut by up and down movements of various sorts, or by a drawing movement, or by a rotary sawing movement. The evidence further proves that there is utility in the change which the plaintiff has made. The defendant appears to me to make use of a device similar in operation to produce a similar result. His knife is pivoted to an independent carrier or arm above the plate, instead of being attached to the plate, and it works up and down to a certain degree; but being pivoted at an angle to the bed-plate the blow of the needle-bar which brings it down forces it forward against the edge of the stock, and most of the cutting is done during that part of the motion. In so far as it has a slight drawing motion, it may or or may not be an improvement. The knife reciprocates, not, indeed, by the machinery alone, for the feed pushes it back after it has completed its cut, but it moves backward and forward automatically, which is all that reciprocating means.

It was argued that the plaintiff's cutter does not trim the work in a line parallel with the feed when straight work is being stitched, because the knife moves in the arc of a circle. The evidence, however, is,

that for all practical purposes the series of small arcs has the appearance of a straight line, at least when the sewing is fine, and is equally acceptable to the trade. Besides, the patentee describes fully in his specification a knife and its attachments in which the line of cut is absolutely straight. In short, the differences between the two machines appear to be merely changes in the position of the working parts, so far as the plaintiff's patent is concerned, though by these changes some improvement may, perhaps, have been accomplished.

I decide, therefore, that the defendant has infringed the first, second, and eighth claims of the reissued patent No. 7,860.

Decree for the complainant.